**Blaine J. LORD et al., Appellants,**

**v.**

**Roy T. HELMANDOLLAR, individually and as Manager of the Phoenix, Arizona Land Office, Bureau of Land Management, et al., Appellees.**

**Roy T. HELMANDOLLAR, individually and as Manager of the Phoenix, Arizona Land Office, Bureau of Land Management, et al., Appellees.**

**v.**

**Blaine J. LORD et al., Appellees.**

**Nos. 18625, 18680.**

United States Court of Appeals District of Columbia Circuit.

Argued March 30, 1965.

Decided June 10, 1965.

Petition for Rehearing Denied Sept. 8, 1965.

Mr. Jose del Castillo, Tucson, Ariz., of the bar of the Supreme Court of Arizona, pro hac vice, by special leave of court, with whom Messrs. Cornelio O. Lopez, Washington, D. C., and Gervasio Sese were on the brief, for appellants in No. 18,625 and appellees in No. 18,680.

Mr. Raymond N. Zagone, Washington, D. C., of the bar of the Supreme Court of Texas, pro hac vice, by special leave of court, with whom Asst. Atty. Gen. Ramsey Clark, Messrs. Roger P. Marquis and Herbert Pittle, Attorneys, Department of Justice, were on the brief, for appellees in No. 18,625 and appellants in No. 18,-680. Mr. Edmund B. Clark, Attorney, Department of Justice, also entered an appearance for appellees in No. 18,625 and appellants in No. 18,680.

Before BAZELON, Chief Judge, BASTIAN, Senior Circuit Judge, and MC-GOWAN, Circuit Judge.

PER CURIAM.

This action was instituted in the District Court by appellants in No. 18,625, who are cross-appellees in No. 18,680,[1] to review Department of Interior decisions declaring null and void appellants' locations of placer mining claims on federal public lands in Arizona.[2] On September 30, 1963, the District Court granted appellees' motion for summary judgment. Appellants took no further action until February 4, 1964—more than four months after the original entry of summary judgment—at which time they filed in the District Court a "Motion for order to vacate and re-enter judgment or order." In their motion appellants alleged that for various reasons Arizona counsel had not learned of the entry of summary judgment until after expiration of the time for appeal, although it was conceded local counsel had been promptly notified. The District Court granted ap-

---

1. For convenience, we shall refer to appellants in No. 18,625—cross-appellees in No. 18,680—as appellants. Appellees in No. 18,625—cross-appellants in No. 18,-680—will be referred to as appellees.

2. Rev.Stat. §§ 2319, 2320, 2325, 2329, 2331 (1875), 30 U.S.C. §§ 22, 23, 29, 35. Appellants' locations were declared null and void on the ground that they did not contain "valuable mineral deposits." Cf. Foster v. Seaton, 106 U.S.App.D.C. 253, 271 F.2d 836 (1959).

pellants' motion to vacate and re-enter judgment; and shortly thereafter, on March 9, 1964, appellants filed a notice of appeal from the entry of summary judgment against them. Appellees have cross-appealed from the order granting appellants' motion to vacate and re-enter judgment.

Appellees contend that appellants' appeal from the entry of summary judgment against them should be dismissed for failure to file a timely notice of appeal. Pursuant to Rule 73(a), FED.R.CIV. P., appellants had 60 days from the entry of judgment against them within which to appeal, which time could be extended, upon a proper showing, no more than 30 days. See Rule 6(b), FED.R.CIV.P. More than 90 days from the original entry of summary judgment had elapsed by the time appellants filed their motion to vacate and re-enter judgment. Unless the granting of that motion by the District Court recommenced the running of the time for appeal, therefore, appellants' notice of appeal was not timely filed.

Appellants rely on Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944), to support their contention that the time for appeal should be measured from the date on which the District Court granted their motion to vacate and re-enter judgment. In Hill v. Hawes, supra, the District Court vacated and re-entered its original judgment after the time for appeal had expired on the ground that the clerk of the court had failed to notify the plaintiff of the entry of the original judgment, as the clerk was, and still is, required to do by Rule

77(d), FED.R.CIV.P. The Supreme Court, reversing this court, held that the District Court acted within its power and that its action operated to recommence the running of the time for appeal. Two years later, however, Rule 77(d) was amended to provide in part:

Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a).

The Notes of the Advisory Committee on Rules make clear that the purpose of these amendments was, in effect, to overrule Hill v. Hawes, supra, which potentially gave a district court the power to revive a right of appeal at any time by simply vacating and re-entering its original judgment. To provide for the situation presented in that case, Rule 73(a) was amended to permit a 30-day extension of the time for appeal "upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment * * *." See generally Report of Proposed Amendments to Rules of Civil Procedure for the District Courts of the United States 6, 94–95, 106–108 (1946).

 It follows from what has been said that the granting of appellants' motion had no effect on the running of their time for appeal. Accordingly, we dismiss their appeal for lack of jurisdiction.[3] See Randolph v. Randolph, 91 U.S.App. D.C. 170, 198 F.2d 956 (1952). Furthermore, since our holding that the District

---

3. Appellants have not suggested that the Supreme Court's decisions in Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962), Thompson v. Immigration & Naturalization Service, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), and Wolfsohn v. Hankin, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964), point to a different result. In those cases, during the appropriate time for filing an appeal, the District Court acted, albeit erroneously, in a manner which could have caused the losing party reasonably to believe it could initiate a

timely appeal at a later date. The Supreme Court held in each case that the losing party should not be deprived of an appeal because it relied on the erroneous district court action. In this case, on the other hand, the District Court took no action at all during the maximum possible time for initiating an appeal, that is to say, within the 90-day period following the original entry of summary judgment. Consequently, appellants' failure to file a notice of appeal within that period in no way could have been caused by reliance on action by the District Court.

Court's order in no way affected the time for appeal moots appellees' claim that the order was an improper extension of time for appeal, appellees' cross-appeal is also dismissed.

Appeals dismissed.