No. 1274. BEAUFORT CONCRETE Co. *v.* ATLANTIC STATES CONSTRUCTION Co. C. A. 5th Cir. Certiorari denied. *J. P. Harrelson* for petitioner. *Irvine F. Belser, Jr.,* for respondent.

MR. JUSTICE BLACK, dissenting.

I would grant certiorari in this case. This is another in a growing number of cases in which the Federal Rules of Civil Procedure have been used to prevent the fair and just determination of a lawsuit on the merits. See, *e. g., Lord* v. *Helmandollar,* 121 U. S. App. D. C. 168, 348 F. 2d 780, cert. denied, 383 U. S. 928, BLACK, J., dissenting; *Riess* v. *Murchison,* cert. denied, 383 U. S. 946, BLACK, J., dissenting; *Link* v. *Wabash R. Co.,* 370 U. S. 626, 636, BLACK, J., joined by THE CHIEF JUSTICE, dissenting. In this case I think the summary judgment entered against petitioner by the District Court and affirmed by the Court of Appeals should be reversed and the case remanded to the District Court so that petitioner can have its day in court. The facts in summary are these. Petitioner supplied respondent with concrete to build some docks and warehouses near Savannah, Georgia. When respondent did not pay for all the concrete sup-

plied, petitioner brought this suit to recover the balance, about $90,000. Respondent moved for summary judgment supporting its motion with several affidavits stating that a large portion of petitioner's concrete was defective. On the day set for hearing petitioner filed three affidavits with the court which asserted that the concrete furnished was not defective and that, if it was, it became so because respondent's agents had ordered it to be watered down. The District Court, however, refused to consider petitioner's affidavits on the ground that they had not been served "prior to the day of hearing" as provided by Rule 56 (c) of the Federal Rules, and on the basis of the pleadings and respondent's affidavits alone, the court entered summary judgment for respondent. The Court of Appeals affirmed stating that under the Federal Rules the trial court had broad discretionary power either to accept or reject petitioner's untimely affidavits but that the court did not abuse its discretion in rejecting the affidavits. The Court of Appeals went on to state that "Without the excluded affidavits, little is left to the plaintiff's case—nothing, in fact, but the bare allegation in the complaint that [plaintiff] furnished adequate concrete for which it was not fully paid." Thus for the delay of a few hours—less than one day—in serving affidavits on respondent's counsel, petitioner was deprived of all opportunity to have the court consider its affidavit evidence, which if true, would have entitled it to collect the $90,000 balance for the concrete supplied.

I find it entirely at odds with a fair system of trying lawsuits to throw out a litigant's case because his lawyer for negligence or some other reason fails by less than 24 hours to satisfy one of many procedural time limits. From the beginning to the end of a lawsuit a lawyer must meet a host of time limits for filing papers. Surely a judge should not have discretion to enter final judgment at will every time a slight lapse occurs which may

delay for half a day or so the service of one of a multi-tude of papers that must be served during the trial and appeal of a lawsuit.

The summary judgment entered below indicates, in my opinion, a failure to appreciate that "The basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion." *Surowitz* v. *Hilton Hotels Corp.*, 383 U. S. 363, 373. If the Federal Rules, as the Court of Appeals holds, repose in the district courts discretion to deprive parties of a full trial on their claims in circumstances like these, then it indicates to me that these rules exalt strict obedience to formality and "paper work" high above the fair and just trial of lawsuits. Nevertheless, the Federal Rules have been administered this way time and again. As I pointed out in my dissent to the new Federal Rules recently adopted:

> "Cases coming before the federal courts over the years now filling nearly 40 volumes of Federal Rules Decisions show an accumulation of grievances by lawyers and litigants about the way many trial judges exercise their almost unlimited discretionary powers to use pretrial procedures to dismiss cases without trials. In fact, many of these cases indicate a belief of many judges and legal commentators that the cause of justice is best served in the long run not by trials on the merits but by summary dismissals based on out-of-court affidavits, pretrial depositions, and other pretrial techniques." 383 U. S., at 1034.

The filing of court papers on time is, of course, important in our court system. But lawsuits are not conducted to reward the litigant whose lawyer is most diligent or to punish the litigant whose lawyer is careless. Procedural paper requirements should never stand as a series of dangerous hazards to the achievement of justice through a fair trial on the merits.