No. 306. SANTANA ET AL. *v.* UNITED STATES. C. A. 2d Cir. Certiorari denied. *Albert J. Krieger* for petitioners. *Solicitor General Marshall* for the United States.

MR. JUSTICE BLACK, dissenting.

I would grant these petitioners' application for certiorari. They have been sentenced from 4 to 15 years' imprisonment in the penitentiary under these alleged circumstances. After months of negotiations between petitioners and the United States Attorney, he agreed to recommend certain minimum sentences if petitioners would plead guilty. Petitioners agreed, pleaded guilty, and the United States Attorney recommended the minimum sentences as promised. But when the first petitioner appeared for sentencing before a different judge, that judge imposed a sentence in excess of that recommended by the United States Attorney. That petitioner then immediately sought to withdraw his guilty plea, and the others, apparently seeing the handwriting on the wall, immediately moved to withdraw their pleas or adjourn their sentencing. Not only did the judge deny these motions and proceed to sentence the remaining petitioners, but, according to petitioners, he refused even to entertain these motions and to hear argument thereon. Petitioners then filed timely notices of appeal. But their counsel failed to file their trial court records in the Court of Appeals within 40 days of giving such notices of appeal as required by Fed. Rule Crim. Proc. 39 (c). Some three weeks after this time had expired, the Government moved to dismiss the appeals, and though petitioners' counsel then promised to docket the appeals within 10 days and to file briefs within 30, the Court of Appeals dismissed for want of prosecution. This was done in spite of counsel's explanation that the delay was due to counsel's inability more quickly to determine what type of post-conviction remedy to pursue and counsel's assurance, by

allegation of the above facts, that there were substantial legal questions involved.

Regardless of the truthfulness of their allegations, petitioners were denied any opportunity to substantiate them because their appeals were dismissed before their lawyers could file their appeal papers. Thus this case is added to a growing list of cases in which the Federal Rules have been utilized to deprive a litigant of his day in court simply because his lawyer has failed to file some paper within the time specified by the Rules. See, *e. g.,* *Beaufort Concrete Co.* v. *Atlantic States Constr. Co.,* 352 F. 2d 460, cert. denied, 384 U. S. 1004 (dissenting opinion of BLACK, J.); *Lord* v. *Helmandollar,* 121 U. S. App. D. C. 168, 348 F. 2d 780, cert. denied, 383 U. S. 928, BLACK, J., dissenting; *Riess* v. *Murchison,* cert. denied, 383 U. S. 946, BLACK, J., dissenting; *Link* v. *Wabash R. Co.,* 370 U. S. 626, 636, BLACK, J., joined by THE CHIEF JUSTICE, dissenting.

I have always thought that where a litigant's money or property is at stake in a civil case, "The basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion." *Surowitz* v. *Hilton Hotels Corp.,* 383 U. S. 363, 373. I have no doubt that this is true in a criminal case where a litigant's liberty is in issue. The Criminal Rules "are not, and were not intended to be, a rigid code to have an inflexible meaning irrespective of the circumstances. Rule 2 begins with the admonition that '[t]hese rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.'" *Fallen* v. *United States,* 378 U. S. 139, 142. There is no provision in the Rules making dismissal of an appeal mandatory for failure to file the record within the time prescribed

by Rule 39 (c). The Court of Appeals acquired jurisdiction upon petitioners' filing their notices of appeal, and Rule 45 (b) expressly empowered that court "at any time in its discretion" to permit the late filing of a record if the failure to file it on time "was the result of excusable neglect."

Here I think there has been an obvious, unexcusable failure to exercise that discretion reposed in judges to administer the Rules in the interest of "the just determination of every criminal proceeding." Petitioners may languish in prison for many years, not because their appeals were without merit, but because, through no apparent fault on their part, their lawyers were three weeks late in seeking to file their appeal papers. Since petitioners were never released on bail pending appeal, I fail to see how the Government could be prejudiced by this short delay or how—consistent with the public's interest in the fair administration of criminal justice—it could have any interest in assuring that petitioners' appeals be disposed of other than on the merits. I would reverse and remand these cases to the Court of Appeals for a decision on the merits of petitioners' allegations.