## PITTSBURGH TOWING CO. v. MISSISSIPPI VALLEY BARGE LINE CO. ET AL.

No. 319.   Decided November 7, 1966.

*Ernie Adamson* for appellant.

*Arthur L. Winn, Jr., Samuel H. Moerman, J. Raymond Clark* and *James M. Henderson* for appellees.

PER CURIAM.

The motion to dismiss is granted for failure of appellant to comply with the time requirement of Rule 13 (1) of the Rules of this Court in docketing its appeal.   This appeal was docketed 22 days after expiration of the 60-day period provided by the Rule.   During that period, appellant made no application for an enlargement of time, either to the District Court or to a Justice of this Court (see Rule 13 (1)), nor did any explanation accompany the untimely docketing of the appeal.   The jurisdictional statement itself is silent on the subject. Not until appellee moved to dismiss pursuant to Rule 14 (2) did appellant comment upon its default.   Its reply to the Motion to Dismiss states that the "delay was occasioned by a misunderstanding between Counsel for appellant."   It does not elaborate.

This Court has been generous in excusing errors of counsel, but if there are to be rules, there must be some limit to our willingness to overlook their violation.   While we are inclined to be generous in exercising our discretion to forgive a mistake and waive the consequences

of negligence, fairness to other counsel and to parties with business before the Court as well as due regard for our own procedures leads us to believe that this case does not warrant our indulgence.

MR. JUSTICE BLACK, dissenting.

Due to a misunderstanding among appellant's lawyers this case was not docketed nor was the record filed until 22 days after the 60-day period prescribed by this Court's Rule 13 (1). The Court now, quite contrary to its recent practices, dismisses the case pursuant to Rule 14 (2) because of this error of appellant's lawyers. Rule 14 (2) permits, but does not require, such a harsh court order to be made. Appellant's counsel, upon reporting the misunderstanding to a member of this Court, could unquestionably have obtained an enlargement of the time to docket the case extending even beyond the 22 days within which the record was actually filed. There is no indication whatever that the appellees, their counsel or other parties with business before this Court have been injured—as the Court seems to intimate without record support—by this slight formalistic delinquency. On the contrary, the appellant is denied review of a judgment setting aside an Interstate Commerce Commission order, a type of three-judge district court judgment from which Congress has seen fit to give aggrieved persons a direct appeal to this Court. Thus, for a mere paper-filing negligence of appellant's counsel, the purpose of Congress to grant reviews of this special category of administrative orders is frustrated.

This case is now to take its place among a growing number of others where mere procedural rules have been used to prevent the consideration and determination of cases on their merits. See, e. g., Lord v. Helmandollar, 121 U. S. App. D. C. 168, 348 F. 2d 780, cert. denied, 383 U. S. 928, BLACK, J., dissenting; Riess v. Murchison,

34

cert. denied, 383 U. S. 946, BLACK, J., dissenting; *Link* v. *Wabash R. Co.*, 370 U. S. 626, 636, BLACK, J., joined by THE CHIEF JUSTICE, dissenting; *Beaufort Concrete Co.* v. *Atlantic States Constr. Co.*, 384 U. S. 1004, BLACK, J., dissenting; *Santana* v. *United States, post*, p. 848, BLACK, J., dissenting. I find it inconsistent with a fair system of justice to throw out a litigant's case because his lawyer, due to negligence, or misunderstanding, or some other reason fails to satisfy one of many procedural time limits. If a pound of flesh is required because of negligence of a lawyer, why not impose the penalty on him and not his innocent client?

As I have previously stated, "The filing of court papers on time is, of course, important in our court system. But lawsuits are not conducted to reward the litigant whose lawyer is most diligent or to punish the litigant whose lawyer is careless. Procedural paper requirements should never stand as a series of dangerous hazards to the achievement of justice through a fair trial on the merits." *Beaufort Concrete Co., supra*, at 1006, BLACK, J., dissenting. The conflict between the interest of the court clerk in the timely filing of papers and the interest of the citizen in having his lawsuit tried should be resolved in favor of the citizen, not the court clerk. I would not dismiss this case for violation of Rule 13 (1).