No. 82. MORRIS *v.* FLORIDA. Dist. Ct. App. Fla., 4th Dist. Certiorari denied. *Richard Kanner* for petitioner. *Earl Faircloth,* Attorney General of Florida, and *Charles W. Musgrove,* Assistant Attorney General, for respondent.

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS joins, dissenting.

By denying certiorari in this case, the Court once again sanctions the practice of automatically depriving plaintiffs of their lawsuits or defendants of their defenses merely because their lawyers have failed to file some paper within the time required by Court rules. This is a form of vicarious punishment against which I have frequently protested in both civil and criminal cases, but in vain. See, *e. g., Santana* v. *United States,* 385 U. S. 848 (1966); *Pittsburgh Towing Co.* v. *Barge Line,* 385 U. S. 32, 33 (1966); *Beaufort Concrete Co.* v. *Atlantic States Construction Co.,* 384 U. S. 1004 (1966); *Lord* v. *Helmandollar,* 383 U. S. 928 (1966); *Riess* v. *Murchison,* 383 U. S. 946 (1966); *Berman* v. *United States,* 378 U. S. 530 (1964); *Link* v. *Wabash R. Co.,* 370 U. S. 626, 636 (1962). See also my dissent from this Court's order transmitting to Congress Amendments to the Federal Rules, 383 U. S. 1031, 1032 (1966).

This is a criminal case, where the petitioner's retained attorney filed a timely notice of appeal. Petitioner then hired a new lawyer to handle the appeal. Later, the State moved to dismiss the appeal for failure to prosecute, notifying the defense attorney but not the petitioner who had been convicted. Petitioner's lawyer failed to take any further action, and the court dismissed the appeal with prejudice, thereby depriving petitioner of his right to appellate review. Although petitioner never did receive notice from his lawyer or from the court, when he learned that his case had been dismissed, he quickly asked the court to reinstate it, explaining that he had never been advised that the appeal

was not being actively prosecuted or that the State had moved to dismiss it, and stating that he had now retained a new attorney who was prepared to proceed promptly with the appeal. The court, without ever giving the defendant the benefit of an opinion to explain its action, denied his motion. Now this Court refuses to review and hold that this defendant should be given the benefit of the first and most important rule of due process, which requires notice to a person before he is deprived of his liberty or his property. I would grant certiorari and hold that since Florida provides a right of appeal to criminal defendants in general, it is required to give this defendant an appellate review before he is stigmatized as a criminal.

Of course, the average litigants, who rarely get into court, are not well acquainted with the qualifications of lawyers and they may select poor ones. Even so, there is a vast difference between, on the one hand, holding the litigant responsible for errors in not objecting to evidence or pleadings, and, on the other hand, holding the litigant responsible for complete failure to file papers and then without notice to the litigant dismissing his entire case or defense. When a litigant hires a lawyer who has a state license to practice, he certainly has no reason to suspect that the State will reach into his pocket and make him pay money or take away his valuable cause of action because of his lawyer's neglect.

Many people justify such state action by saying that the litigant can sue his lawyer for malpractice. But there is a long distance between filing a malpractice suit and winning a damage award against an attorney for malpractice. Nor should courts render a judgment based on the idea that although they do a wrong to a litigant, he can be recompensed by a suit against his lawyer. There is a much simpler solution to this problem than malpractice lawsuits. Instead of holding a

litigant responsible in a civil or criminal case for the mistakes of his lawyer, the courts can merely give the litigant notice of his lawyer's defaults and an opportunity to get a new lawyer to present his case. I would grant certiorari and reverse.