No. 83–6048. WILLIAMS v. FLORIDA. Sup. Ct. Fla. Certiorari denied. ■

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

Petitioner was convicted of first-degree murder for the killing of a fellow inmate at the Florida State Prison. After the guilty verdict was rendered by the jury, the trial judge announced that the penalty phase of the trial would begin after a 2-hour lunch break. Petitioner's counsel moved for a continuance on the ground that he was "unable and unprepared to proceed." App. to Pet. for

Cert. E–4.[1]  The trial judge stated that he would take the motion under advisement but that both parties should assume that the penalty phase of the trial would begin after the lunch break.

When the court reconvened, the judge denied petitioner's motion and immediately proceeded with the penalty hearing.  Following the hearing, at which no witnesses were presented on petitioner's behalf, the jury recommended that the court impose the death penalty.  After reading the results of a presentencing investigation, the judge adopted the jury's recommendation and sentenced petitioner to death.

The Florida Supreme Court, with two justices dissenting,[2] upheld the sentence, rejecting petitioner's claim that the trial court's denial of a continuance constituted an abuse of discretion.  438 So. 2d 781, 785–786 (1983).  The Florida Supreme Court justified its decision by reference to the wide discretion accorded to trial judges in determining whether to grant continuances, defense counsel's awareness that this was a case in which the death penalty would be sought, and defense counsel's failure to offer reasons for his unpreparedness.

The trial court's refusal to grant petitioner a continuance makes a mockery of federal constitutional standards that have been designed to ensure heightened sensitivity to fairness and accuracy

---

[1] Defense counsel explained as follows the reasons for his motion:

"Your Honor, the Defendant moves the Court to continue the penalty phase of the proceedings until a day subsequent to today in order to allow the Defendant an opportunity to prepare whatever mitigating circumstances might be appropriate to submit to the jury.

.          .          .          .          .

"This case has moved rather rapidly and has had some unusual circumstances to arrive and counsel is just unable and unprepared to proceed . . . ." App. to Pet. for Cert. E–4.

Replying to the prosecutor's suggestion that the penalty hearing proceed on schedule, petitioner's counsel repeated that "the Defendant has no witnesses and is not prepared to present any witnesses this afternoon . . . ." *Id.*, at E–5.

[2] Justice McDonald, in an opinion joined by Justice Overton, contended that petitioner's sentence should be vacated and a new sentencing proceeding ordered because "[i]t appears on the face of the record that Williams' trial counsel was totally unprepared for the sentencing proceedings and thus [that] Williams was not afforded his right of effective assistance of counsel at this critical proceeding."  438 So. 2d 781, 787 (1983).

where imposition of the death penalty is at issue.[3]   Neither the Florida Supreme Court nor the Florida Attorney General has offered any explanation why, in this *capital* case, commitment to scheduling was of such pressing concern as to justify the denial of even a brief continuance.   This is not to excuse the unpreparedness of a defense counsel.   But defense counsel's dereliction of professional duty could have been met with sanctions that did not deprive petitioner of an opportunity to show the judge and jury that mitigating circumstances rendered the death penalty inappropriate in his case.

The trial court's denial of a continuance represents an egregious instance of a judge penalizing a defendant in order to chasten his attorney.[4]   Because of the trial judge's order, petitioner was subjected to a capital sentencing hearing for which defense counsel was, by his own admission, wholly unprepared.   Petitioner was thus denied his federal constitutional right to effective assistance of counsel[5] at the point in the judicial process where he was most in need of it.

The State's sole response is that this Court is precluded from reviewing petitioner's Sixth Amendment claim because he failed to

---

[3] See *Woodson* v. *North Carolina*, 428 U. S. 280, 305 (1976) ("Death, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two.   Because of that qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case") (plurality opinion); see also *Lockett* v. *Ohio*, 438 U. S. 586, 604 (1978) (plurality opinion); *Gardner* v. *Florida*, 430 U. S. 349, 359 (1977) (plurality opinion); *id.*, at 363–364 (WHITE, J., concurring in judgment).

[4] Cf. *Morris* v. *Florida*, 393 U. S. 850 (1968) (a court should not vicariously punish an attorney's negligence by foreclosing a defendant's untimely appeal) (Black, J., dissenting).

[5] The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."   The Court has long recognized that the right to assistance necessarily includes the right to "effective and substantial aid."   *Powell* v. *Alabama*, 287 U. S. 45, 53 (1932).   Hence, the Court has prohibited government conduct that would render ineffective an attorney's assistance to his client.   See, *e. g., Moore* v. *Illinois*, 434 U. S. 220 (1977); *Geders* v. *United States*, 425 U. S. 80 (1976); *United States* v. *Wade*, 388 U. S. 218 (1967).   The Sixth Amendment right to effective assistance of counsel has been made applicable to the States through the Due Process Clause of the Fourteenth Amendment. See *Gideon* v. *Wainwright*, 372 U. S. 335 (1963).

present it to the Florida Supreme Court. In the state court, petitioner apparently attacked the trial judge's ruling as an abuse of discretion, not as a deprivation of his constitutional rights. While it is true that, as a general matter, this Court will not review federal constitutional issues that have not been raised in state court, this rule is not absolute. When the record in a case has revealed plain error, this Court has enforced federal constitutional standards despite the petitioner's failure to raise clearly his federal constitutional claim in the court below. See, *e. g., Vachon* v. *New Hampshire*, 414 U. S. 478 (1974) (reversing a criminal conviction on the basis of a due process claim neither made in constitutional form to the State Supreme Court nor presented by the appellant in his jurisdictional statement to this Court).

My inability to countenance the deprivation of constitutional rights to which the petitioner was clearly subjected requires that I dissent from the Court's denial of certiorari.