**Thomas HAWTHORNE and Emory Newman, etc., Plaintiffs,**

**Andre Keith, etc., Plaintiff–Intervenor,**

**v.**

**Jack HURLEY, etc., et al., Defendants.**

**Civ. A. No. 89–T–381–S.**

United States District Court,
M.D. Alabama, S.D.

Feb. 5, 1991.

---

Terry G. Davis, Terry G. Davis, P.C., Montgomery, Ala., James U. Blacksher, John C. Falkenberry, Leslie Proll, Edward Still, Birmingham, Ala., for plaintiffs Thomas Hawthorne and Emory Newman.

Fred D. Gray, Tuskegee, Ala., Solomon Seay, Montgomery, Ala., for plaintiff-intervenor Andre Keith.

Susan Russ, Montgomery, Ala., Fournier J. Gale, III, Gregory H. Hawley, Maynard, Cooper, Frierson & Gale, Birmingham, Ala., John H. England, Jr., England & Bivens, Tuscaloosa, Ala., James L. North, Birmingham, Ala., for John Baker and State Dem. Comm.

Solomon Seay, Montgomery, Ala., for Ala. Democratic Party, Jerome Gray and Joe Reed.

Vincent H. Cohen, Anthony L. Sutin, John C. Keeney, Roger L. Patton, Jr., Washington, D.C., David Schoen, Montgomery, Ala., for defendant DPUS.

Christine A. Varney, Gen. Counsel, Democratic Natl. Committee, Washington, D.C., for defendant DNC.

Philip H. Smith, Talladega, Ala., for Talladega County Democratic Executive Committee.

Alston Keith, Jr., Selma, Ala., for Dallas County Democratic Executive Committee.

Clifford W. Cleveland, Prattville, Ala., for Autauga County Democratic Executive Committee.

Shelby Co. Democratic Executive Comm., pro se.

Winston Griggs, Henry Co. Dem. Executive Comm., pro se.

Raymond Bailey, Chair, Baileyton, Ala., for Cullman CDEC.

James Harris, Chair, Wedowee, Ala., for Randolph CDEC.

Dorman Walker, Montgomery, Ala., for CDECs: Geneva, Madison, St. Clair, Tuscaloosa, Pickens, Chambers Bibb, Montgomery, Marion, Coffee, Lawrence, Marengo and Hale.

Gary White, Double Springs, Ala., for defendant Winston CDEC.

J. Milton Coxwell, Jr., Monroeville, Ala., for Monroe CDEC.

Robert M. Seale, Livingston, Ala., for Sumter CDEC.

Wallace H. Lindsey, III, Butler, Ala., for Choctaw CDEC.

William T. Musgrove, Jr., Florence, Ala., for Lauderdale CDEC.

Lee B. Williams, Grove Hill, Ala., for defendant Clarke CDEC.

Joe Macon, Wetumpka, Ala., for defendant Elmore CDEC.

James M. Prestwood, Andalusia, Ala., for defendant Covington CDEC.

Before JOHNSON, Circuit Judge, HOBBS, Chief Judge, and THOMPSON, District Judge.

## ORDER

MYRON H. THOMPSON, District Judge:

■ We are confronted in this case with the peculiar question of when a three-judge district court may dismiss an appeal of one of its orders to the United States Supreme Court. Plaintiffs have moved to dismiss defendants' appeal to the Supreme Court of this court's August 20, 1990 order,[1] on the ground that defendants failed to file a jurisdictional statement within 60 days after filing their notice of appeal, as required by Supreme Court Rule 18.3.[2] Supreme Court Rule 18.5 provides that this court "may dismiss" an appeal which "has not been docketed in [the] Court within the time prescribed." However, as this language suggests, such a dismissal by this court or by the Supreme Court itself is discretionary, as the untimely filing of a jurisdictional statement is not considered a jurisdictional defect divesting the Court of legal authority to entertain an appeal. *Communist Party of Indiana v. Whitcomb*, 414 U.S. 441, 446 n. 4, 94 S.Ct. 656 n. 4, 38 L.Ed.2d 635 (1974); *Johnson v. Florida*, 391 U.S. 596, 598, 88 S.Ct. 1713, 1714, 20 L.Ed.2d 838 (1968) (per curiam). *See also United Public Workers v. Mitchell*, 330 U.S. 75, 84–85 & nn. 13–14, 67 S.Ct. 556, 561–62 & nn. 13–14, 91 L.Ed. 754 (1947).

■ Defendants argue that the "Motion for Clarification" of the court's August 20 order, filed with this court on October 12, 1990, by the defendant State Democratic Executive Committee, tolled the time for filing their jurisdictional statement with the Supreme Court.[3] It is true that the time in which a party may file a petition for certiorari with the Supreme Court or a notice of appeal from the decision of a three-judge district court may be enlarged by a motion or other pleading in the court below which "seeks an alteration of the rights adjudicated in the court's first judgment," *F.C.C. v. League of Women Voters of California*, 468 U.S. 364, 374 n. 10, 104 S.Ct. 3106, 3112 n. 10, 82 L.Ed.2d 278 (1984), or prompts the court to "deal[ ] with

---

1. On August 20, the court ruled that changes in the methods employed by the defendant State Democratic Executive Committee and a number of defendant County Democratic Executive Committees to supplement their elected black memberships were subject to the preclearance requirements of § 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C.A. § 1973c. *See Hawthorne v. Baker*, 750 F.Supp. 1090 (M.D.Ala. 1990). This action was brought by plaintiffs Thomas Hawthorne and Emory Newman and plaintiff-intervenor Andre–Keith on behalf of themselves and other African–American Democrats in Alabama. Plaintiffs had earlier challenged the old system for selecting members of the state and committees under § 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C.A. § 1973. The § 2 lawsuit is still pending before a single-judge district court.

2. *See* Supreme Court Rule 18.3 ("Not more than 60 days after the filing of the notice of appeal in the district court, counsel for the appellant shall file ... a statement as to jurisdiction"). Defendants filed their notice of appeal on September 7, 1989. Therefore, plaintiffs contend, defendants were required to file their jurisdictional statement with the Supreme Court no later than November 6, 1990. In an affidavit filed with this court on January 7, 1991, defendants' counsel represented that they had not yet filed a jurisdictional statement and that the Supreme Court had denied defendants' motion for an extension of time in which to file such a statement.

3. In October 1990, the Attorney General notified the defendant state committee that he did not interpose any objections to the committee's new membership selection plan. In its subsequent motion for clarification, the committee requested permission to convene a special meeting to select additional members pursuant to the terms of the new plan. Plaintiffs opposed this motion, arguing that the proposal which the committee submitted and the Attorney General precleared called for additional members to be chosen at the committee's 1990 organizational meeting; according to plaintiffs, because this meeting had already occurred, any special meeting held on a new date would constitute a change in voting and, therefore, require additional preclearance under § 5. On December 21, 1990, we granted the motion for clarification, concluding that the convening of a special meeting to add members to the committee lacked a potential for discrimination, and, therefore, the committee would be permitted to implement the new plan without obtaining further approval from the Attorney General. *See Hawthorne v. Baker*, 750 F.Supp. 1090 (M.D.Ala.1990). Both sides have now filed notices of appeal from the court's December 21 order.

a question which was not 'plainly and properly settled with finality.'" *Burlington Northern, Inc. v. United States*, 459 U.S. 131, 138 n. 5, 103 S.Ct. 514, 519 n. 5 (1982), *quoting Federal Trade Comm'n v. Minneapolis–Honeywell Regulator Co.*, 344 U.S. 206, 211–12, 73 S.Ct. 245, 248–49, 97 L.Ed. 245 (1952). However, the time in which a jurisdictional statement must be filed in a direct appeal to the Supreme Court is calculated on the basis of the date on which the notice of appeal is filed in the district court, *see* Rule 18.3, and *not* on the basis of the date that judgment is entered, as is the rule for a certiorari petition and a notice of appeal itself. *See id.;* 28 U.S.C.A. § 2101. Thus, while the pendency of defendants' motion for clarification might, if filed earlier, have tolled the time in which they could have filed their notice of appeal, it could not serve to enlarge the time for defen-

dants to file a jurisdictional statement once they had already filed a notice of appeal.[4]

■ Despite this holding, we are nevertheless persuaded that there is good reason not to exercise our discretion under Rule 18.5 to dismiss defendants' appeal. *Compare Pittsburgh Towing Co. v. Mississippi Valley Barge Line Co.*, 385 U.S. 32, 33, 87 S.Ct. 195, 196, 17 L.Ed.2d 31 (1966) (per curiam) (refusing to entertain appeal in light of lack of explanation by appellant's counsel for untimely docketing).[5] *See also* R. Stern, E. Gressman & S. Shapiro, Supreme Court Practice, at 406 (6th ed. 1986) (Supreme Court "may entertain an appeal despite an untimely docketing if it believes that there are adequate excuses for the delay or if in its discretion the Court simply wants to overlook the defect and resolve the appeal").[6] One of defendants' counsel

---

4. This is not to deny, however, that the viability of defendants' pending appeal may, for a different reason, hinge on whether and how the motion for clarification affected the appealability of our earlier August 20 order. It may well be that the August 20 order remained immediately appealable to the Supreme Court under 28 U.S.C.A. § 1253, whether or not subsequent proceedings on the motion for clarification rendered it not a "final" "judgment" or "decision." Unlike other jurisdictional statutes which limit appeals to "final decisions," *see* 28 U.S.C.A. § 1291 (appeals of right from district courts to courts of appeal), or "judgments," *see* 28 U.S.C.A. § 1254 (writs of certiorari in cases decided by courts of appeal), § 1253 is broader in permitting an appeal to the Supreme Court "from an order granting or denying ... an interlocutory or permanent injunction in any civil action, suit, or proceeding required by any Act of Congress to be heard and determined by a district court of three judges." *See FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, — U.S. —, —, 111 S.Ct. 648, 654, 112 L.Ed.2d 743 (1991) (Kennedy, J., concurring) ("some orders are appealable [from district court to court of appeals] even though they do not possess attributes of finality. *See* 28 U.S.C. § 1292(a)"). On the other hand, there is some support for the proposition that because the motion for clarification in this case sought to alter or resolve an ambiguity in our August 20 order, the filing of this motion rendered defendants' September 7 notice of appeal premature, and, therefore, a nullity. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 60 & n. 2, 103 S.Ct. 400, 403 & n. 2, 74 L.Ed.2d 225 (1982) (motion to alter or amend judgment caused pending notice of appeal filed after motion to "self-destruct"[;] "it would be undesirable [for court of appeals] to proceed with the appeal while the district court has

before it a motion the granting of which would ... alter the judgment appealed from") (citation omitted); Federal Rule of Appellate Procedure 4(a)(4) (if timely motion is filed in district court to alter or amend judgment, or to amend or make additional findings of fact, "a notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion"). *See also* R. Stern, E. Gressman & S. Shapiro, Supreme Court Practice, at 403–404 (6th ed.1986).

Nevertheless, whether our August 20 order remained immediately appealable or, on the contrary, defendants' motion for clarification rendered their notice of appeal premature, is not a question we are permitted to decide. Supreme Court Rule 18.5 only authorizes this court to dismiss an appeal to the Supreme Court on the basis of an appellant's failure to file a timely jurisdictional statement. Whether defendants' notice of appeal is still viable, or is instead a nullity, is a matter properly addressed to the Supreme Court.

5. In *Pittsburgh Towing,* the Court noted that it is normally "inclined to be generous in exercising our discretion to forgive a mistake and waive the consequences of negligence," but concluded that "this case does not warrant our indulgence." *Id.* at 32–33, 87 S.Ct. at 196.

6. Although we recognize that it is unusual for a district court to make such a determination, we again emphasize that Supreme Court Rule 18.5 explicitly invests us with such authority ("if a notice of appeal has been filed, but the case has not been docketed in this Court within the time prescribed ... the district court *may* dismiss the

has submitted an affidavit to the court, stating that prior to the expiration of the deadline for filing a jurisdictional statement, she contacted the office of the Clerk of the Supreme Court, and was told by an official there that the motion for clarification tolled the time for appeal. As in a recent Supreme Court case involving an appeal pursuant to 28 U.S.C.A. § 1291, here too, "[defendants'] confusion as to the status of the litigation ... was understandable," and "no unfairness to [plaintiffs] results from allowing the appeal to go forward." *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, —— U.S. ——, ——, 111 S.Ct. 648, 653, 112 L.Ed.2d 743 (1991). We note, in closing, that plaintiffs are free to docket the case in the Supreme Court and move the Court itself to dismiss the appeal. *See* Rule 18.5; *Bates v. Edwards*, 419 U.S. 811, 95 S.Ct. 29, 42 L.Ed.2d 40 (1974).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court, that the motion to dismiss appeal, filed by plaintiffs Thomas Hawthorne and Emory Newman, etc., on November 20, 1990, be and it is hereby denied.

appeal"). Moreover, as we note below, plaintiffs are free to docket the case in the Supreme Court and seek to have the appeal dismissed. *See* Rule 18.5.