**Lois REED, and all others similarly situated, Plaintiff-Appellant,**

v.

**KROGER CO., Defendant-Appellee.**

**No. 7-6.**

Temporary Emergency Court of Appeals.

May 30, 1973.

M. Daniel Friedland, Indianapolis, Ind. (Yockey & Yockey, Indianapolis, Ind., on the brief), for appellant.

Alexander E. Bennett, Lanny J. Davis, Washington, D. C. (Arnold & Porter, Washington, D. C., on the brief), for appellee.

Before TAMM, Chief Judge, and ANDERSON and HASTINGS, Judges.

PER CURIAM:

Appellant brought suit in the United States district court at Indianapolis in November of 1971 purporting to represent all persons similarly situated in an action for damages against Kroger Company. She alleged that appellee, operator of a chain of supermarkets in Indiana, had illegally increased food prices during the "freeze period" commonly referred to as "Phase One." Appellee quickly moved to dismiss. After the relevant pleadings were filed, the district judge, on October 17, 1972, granted appellee's motion for reasons enumerated in his Memorandum of Decision. More

than 100 days later, on January 29, 1973, appellant filed a notice of appeal with this court. He now seeks to justify that untimely filing.

## I

Appellant filed a motion urging that his notice of appeal be accepted *nunc pro tunc* since the time to file the appeal concededly expired by November 18, 1972. The chain of events constituting his excuse for filing tardily began on or about November 15, 1972, when he prepared a notice of appeal to the Temporary Emergency Court of Appeals and personally delivered it for filing to the District Court for the Southern District of Indiana. This was clearly incorrect. Section 211(b)(2) of the Economic Stabilization Act, as amended,[1] which is aptly entitled "Judicial Review," provides in relevant part:

> [T]he Temporary Emergency Court of Appeals shall have exclusive jurisdiction of all appeals from the district courts of the United States in cases and controversies arising under this title or under regulations or orders issued thereunder. *Such appeals shall be taken by the filing of a notice of appeal with the Temporary Emergency Court of Appeals within thirty days*

*of the entry of judgment by the district court.* (Emphasis added.)

This statute had been in effect for nearly a year prior to the incorrect filing. It further provides, in § 211(h):

> The provisions of this section apply to any actions or suits pending in any court, Federal or State, on the date of enactment of this section in which no final order or judgment has been rendered. *Any affected party seeking relief shall be required to follow the procedures of this title.* (Emphasis added.)

Pursuant to the power vested in it under § 211(b)(1)[2] the court shortly thereafter prescribed rules governing its procedure.[3] Rule 16 accurately and succinctly reflected the Congressional mandate concerning time and place for filing a notice of appeal:

> (a) A notice of appeal in any civil or criminal case arising under the Economic Stabilization Act of 1970 as amended by the Economic Stabilization Act Amendments of 1971 . . . shall be filed *with the clerk of this court* within 30 days of the entry of judgment by the district court. This time limitation shall be binding upon both government appeals and private appeals. . . . (Emphasis added.)[4]

1. The amendment adding § 211, which created the Temporary Emergency Court of Appeals, occurred in the Economic Stabilization Act Amendments of 1971, Pub.L.No.92-210, 85 Stat. 743 (1971).

2. Section 211(b)(1) provides in pertinent part:
   The court shall exercise its powers and prescribe rules governing its procedure in such manner as to expedite the determination of cases over which it has jurisdiction under this title.

3. The rules applicable in this proceeding are the amended rules, effective April 24, 1972. *See* General Rules of the Temporary Emergency Court of Appeals of the United States [hereinafter Rules].

4. Although the correct method of filing would appear to be abundantly clear in quoted provisions, to dispel any lingering doubt we refer further to the following rules:

Rule 10. Court Executive, Clerk, Deputy Clerks and Supporting Personnel
   The court may appoint a court executive and a clerk, who shall be subject to removal by the court. Their official stations shall be at the United States Courthouse, Washington, D. C. 20001 . . . .
   Rule 21. Filing and Proof of Service
   (a) Papers required or permitted to be filed in this court shall be filed with the clerk of this court in his office in Washington, D. C.
*See also* CCH Economic Controls ¶ 8975.-30:
   In announcing the appointments [of members of the Temporary Emergency Court of Appeals], Chief Justice Burger stated that the TECA will have its headquarters in the United States Courthouse in Washington, D. C., where the Office of the Clerk will be located.

In an attempt to justify his error, counsel for appellant filed an affidavit, the substance of which follows. Arriving on November 15, 1972, at the District Court for the Southern District of Indiana with notice of appeal in hand, he "conversed with the clerk and was told that he [the clerk] saw no reason why normal appellate rules would not apply and that a bond was necessary," which counsel posted. "[T]he Clerk indicated that he had a set of rules from the United States Temporary Court of Appeals [sic] and that he would comply with those rules and process the appeal into court and send up the document [sic] entries for review." The affidavit continues: "I asked that individual [the clerk] at the time of filing whether I was following the proper procedure in the Rule 27, general rules of this Court. I made certain that the individual understood that an appeal is [sic] being taken to this Court, not to the 7th Circuit Court of Appeal." Sixty days later the district court clerk discovered the error, notified counsel for appellant, and the present motion resulted.[5]

## II

■ Our first consideration must be whether any excuse may justify untimely filing in these circumstances. T.E.C.A. Rule 1 provides:

> These Rules govern the procedure in the Temporary Emergency Court of Appeals of the United States. Except as to matters specifically covered by these rules, the Federal Rules of Appellate Procedure shall govern the procedure in all cases or proceedings in this court. The Rules shall be construed to secure the just, speedy and inexpensive determination of every action.

Since there is nothing in either the Economic Stabilization Act or the T.E.C.A. Rules which addresses an extension of time by this court for the filing of a notice of appeal, we must consult the Federal Rules of Appellate Procedure. The answer is readily available in Fed.R. App.P. 26(b), which provides, *inter alia:*

> Enlargement of Time. The court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal, a petition for allowance, or a petition for permission to appeal.

We are thus empowered to grant an extension only within the confines of the extremely limited concept of "unique circumstances" established by the Supreme Court. *See* Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962).

## III

Initially we note that we are concerned not with an insignificant procedural rule, but rather with one "[t]he courts have uniformly held . . . [to be] mandatory and jurisdictional." United States v. Robinson, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960); Files v. Rockford, 440 F.2d 811, 814 (7th Cir. 1971); Winchell v. Lortscher, 377 F.2d 247, 251 (8th Cir. 1967); and Howard v. Local 74, 208 F.2d 930, 932 (7th Cir. 1953). We also note that the enabling legislation, the legislative history and the Rules are replete with references to the primary role of expediency in appeals to the Temporary Emer-

---

5. Because of doubt concerning the legal sufficiency of appellant's counsel's excuse, and to enable the court to have a more complete record before it, the January 29, 1973, motion requesting the filing, *nunc pro tunc,* of the notice of appeal in this court was granted. In the same vein appellee's motion of February 8, 1973, to dismiss for want of jurisdiction was denied on March 19, 1973. The defect involved being jurisdictional, *see* part III *infra,* we are not precluded from reexamining our earlier rulings and, indeed, are compelled to dismiss the action if jurisdiction is lacking. *See* 1 J. Moore, Federal Practice ¶ 0.60 [4] (2d ed. 1972).

gency Court.[6] Finally, we must measure the action of counsel for appellant in recognition of "the ease with which an appeal may be perfected." Files v. Rockford, *supra*, 440 F.2d at 814.

The only ground for extending the prescribed time for filing a notice of appeal which this court will consider is "a showing of unique circumstances." Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., *supra*, 371 U.S. at 217, 83 S.Ct. 283. In *Harris*, during the initial thirty day limit for appeal the district judge granted petitioner's motion for an extension based upon a showing of "excusable neglect." The court of appeals reversed this holding and consequently found that the appeal was untimely filed and dismissed for lack of appellate jurisdiction. The Supreme Court first noted that "[i]n view of the obvious great hardship to a party who relies upon the trial judge's finding of 'excusable neglect' prior to the expiration of the 30-day period and then suffers reversal of the finding, it should be given great deference by the reviewing court." 371 U.S. at 217, 83 S.Ct. at 285. Reversing and remanding for appellate hearing on the merits, the Court held that "[w]hatever the proper result as an initial matter . . . the record contains a showing of unique circumstances sufficient that the Court of Appeals ought not to have disturbed the motion judge's ruling." *Id.*

Several years later, in Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), the Court reached a similar result. Although the notice of appeal was filed four days late, appellant had been incarcerated and ill, had not been assigned appellate counsel, and had in fact delivered the notice to the

proper prison authorities for mailing to the court in time for filing. The Court concluded "that petitioner had done all that could reasonably be expected." 378 U.S. at 144, 84 S.Ct. at 1692. Both cases involved very "unique" and severe circumstances and it is therefore not unusual that courts more frequently arrive at the opposite conclusion. For example, the illness of an attorney, Berman v. United States, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964), "a misunderstanding among appellant's lawyers," Pittsburgh Towing Co. v. Mississippi Valley Barge Line Co., 385 U.S. 32, 33, 87 S.Ct. 195, 17 L.Ed.2d 31 (1966), and the difficulty of coordinating attorneys from several states, Files v. Rockford, *supra*, have all been held insufficient to justify such special treatment.

■ In the present case the district court entered its judgment on October 18, 1972. Appellant's notice of appeal, accompanied by counsel's affidavit and motion, were received in the clerk's office of this court on January 29, 1973. More than 100 days had elapsed between the final judgment and the belated filing. In an effort to justify the complete absence of professional care, counsel blandly claims reliance upon the oral advice of a district court clerk. We strongly believe that professional standards require counsel to be familiar with, or to make at least a reasonable effort to learn, the rules of the courts in which they practice. The rules of this court are published, *inter alia*, in Title 28 of the United States Code Annotated (Supp.1973), in West Publishing Company's Federal Rules of Civil and Appellate Procedure (1972 ed.), in 6 C.F.R. App. A (1972), in CCH Economic Controls ¶ 4551 (Nov. 14, 1972—Jan. 10,

6. *See*, respectively, Economic Stabilization Act Amendments of 1971, *supra* note 1, at § 211(b)(1) ("The court shall exercise its powers and prescribe rules governing its procedure in such manner as to expedite the determination of cases over which it has jurisdiction . . . .") ; S.Rep.No.92–507, 92d Cong., 1st Sess. 11, U.S.Code Cong. & Admin.News, p.

2293 (1971) ("The Court is given power to establish its own rules which are to be established with the primary objective of expediting the disposition of cases which come before it.") ; and T.E.C.A. Rule 1 ("The Rules shall be construed to secure the just, speedy and inexpensive determination of every action.").

1973 Transfer Binder), etcetera, and the court has circulated copies of its rules to the clerks of all federal courts. We are unable to conclude that counsel's failure to acquaint himself with the basic requirement for the filing of his client's notice of appeal can properly be described as constituting "unique circumstances" or "all that could reasonably be expected." Indeed, unfamiliarity with local practice does not even constitute "excusable neglect," let alone satisfy the higher standard recognized by the Supreme Court. *See* Files v. Rockford, *supra*, 440 F.2d at 814, quoting 9 J. Moore, Federal Practice ¶ 203.25[3] (2d ed. 1971). The case is dismissed.[7]

So ordered.

7. Accordingly, we vacate our order of January 29, 1973, permitting the filing of a notice of appeal *nunc pro tunc*, vacate our order of March 19, 1973, denying appellee's motion to dismiss, and grant appellee's February 8, 1973, motion to dismiss for lack of jurisdiction.