UNITED STATES of America,
Plaintiff–Appellee,

v.

BEACON BAY ENTERPRISES, INC.,
Defendant–Appellant.

TECA No. 9–100.

Temporary Emergency Court of Appeals.

Feb. 9, 1988.

John Hawkins and Judith Donahue, Hawkins & Donahue, Mentor on the Lake, Ohio, and Anthony Ratto, Duda, Rahim & Ratto, Oakland, Cal., were on the brief for defendant-appellant.

Jimmye S. Warren, Asst. U.S. Atty., Robert C. Bonner, U.S. Atty., and Frederick M. Brosio, Jr., Asst. U.S. Atty., Chief, Civil Div., Los Angeles, Cal., were on the brief for plaintiff-appellee.

Before GARZA, Chief Judge, and BECKER and BROWN, Judges.

GARZA, Chief Judge:

This case was filed pursuant to Sections 209 and 211 of the Economic Stabilization Act of 1970, 12 U.S.C. § 1904 note, as incorporated in Section 5(a) of the Emergency Petroleum Act of 1973, 15 U.S.C. § 754. The merits of the litigation were found by the district court to be in favor of the plaintiff, United States of America, as it granted the plaintiff's motion for summary judgment against the defendant, Beacon Bay Enterprises, Inc. ("Beacon Bay"). The matter is before us on a procedural question only and, as we find that this court lacks jurisdiction, the appeal is dismissed.

## I. PROCEEDINGS

On April 30, 1987, the district court granted the plaintiff's motion for summary judgment. Sixty days later, on June 29, 1987, Beacon Bay filed a notice of appeal with this court and with the district court. Because Beacon Bay realized that its notice of appeal was untimely, it also filed a mo-

tion to extend the time to file a notice of appeal with the district court. This motion in the district court was filed pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure, Fed.R.App.P. Counsel for Beacon Bay told the district court that good cause existed for the late filing. Counsel had assumed that Rule 4(a)(1), Fed.R.App.P., gave her 60 days to file a notice of appeal.

Judge Kenyon denied the defendant's motion on August 4, 1987. The judge ruled that Rule 4(a)(5) was inapplicable, and that Rule 26(b), Fed.R.App.P., and the standard of "unique circumstances" applied to this case, pursuant to *Reed v. Kroger Co.*, 478 F.2d 1268, 1270 (Temp. Emer.Ct.App.1973) (per curiam). Even applying the standard of "excusable neglect" in Rule 4(a)(5), the district court stated that Beacon Bay's motion still failed. The court wrote: "Requiring that an attorney know the rules of the court in which she practices is not an onerous or unreasonable requirement." On September 3, 1987, Beacon Bay appealed from the district court's August 4, 1987 order, denying its motion to extend the time for filing an appeal.

## II. DISCUSSION

Beacon Bay filed an appeal on June 29, 1987 from an April 30, 1987 order. This was an untimely appeal under Rule 15(a) of the General Rules of the Temporary Emergency Court of Appeals of the United States ("TECA"). TECA Rule 15(a) provides that a notice of appeal under the Economic Stabilization Act "shall be filed with the clerk of this court within 30 days of the entry of judgment by the district court. This time limitation shall be binding upon both government appeals and private appeals." Clearly, the requirements of Rule 15(a) are mandatory and jurisdictional. *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960); *United States v. Cooper*, 482 F.2d 1393, 1400 (Temp. Emer. Ct.App.1973); *Reed*, 478 F.2d at 1270.

This court has exclusive jurisdiction over the appeal because the statutory basis of the litigation involves Sections 209 and 211 of the Economic Stabilization Act. Accordingly, TECA's rules govern the disposition of the case. The subject matter of the appeal is the availability of relief under Rule 4(a)(5), Fed.R.App.P., to an appellant before the Temporary Emergency Court of Appeals. Beacon Bay contends that the remedial provisions of this rule are available to TECA appellants. Further, Beacon Bay argues that it has demonstrated excusable neglect and good cause to obtain such relief within the meaning of Rule 4(a)(5).

Beacon Bay complains that the lower court erred in ruling that Rule 4(a)(5) is available only to appeals filed pursuant to Rule 4(a). TECA Rule 1 provides:

These Rules govern the procedure in the Temporary Emergency Court of Appeals of the United States. Except as to matters specifically covered by these Rules, the Federal Rules of Appellate Procedure shall govern the procedure in all cases or proceedings in this court. The Rules shall be construed to secure the just, speedy and inexpensive determination of every action.

Rule 4(a)(5), Fed.R.App.P., provides in pertinent part:

The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).

Beacon Bay reasons that since there is no TECA rule which conflicts with Rule 4(a)(5), and in accordance with TECA Rule 1, Rule 4(a)(5) has force and effect in this case.

■ We believe that the district court was correct in concluding that the relief provided in Rule 4(a)(5) is available only to appeal periods outlined in Rule 4(a). Rule 4(a)(5) clearly reads: "after the expiration of the time prescribed by this Rule 4(a)." Rule 4(a)(5) by its terms applies only to the time limit set forth in Rule 4(a). It is not a time prescribed by Rule 4(a) which Beacon Bay seeks to extend. Beacon Bay is seeking to extend a time limit set by TECA Rule 15(a). Because TECA Rule 15(a) provides for the filing of the notice of appeal

in an Economic Stabilization Act case, Rule 4(a)(5) cannot be interpreted to apply to this case. *Reed*, 478 F.2d at 1270.

The *Reed* court addressed the question of which provision a court must look to in ruling on a motion for extension of time to file a notice of appeal in a TECA matter. Neither Rule 15 nor any other provision in the TECA rules or the Economic Stabilization Act contain any guidelines for dealing with the untimely filing of a notice of appeal. The district court correctly followed the rule enunciated in *Reed*, holding that Rule 26(b) and the standard of "unique circumstances" was applicable to this case.

In *Reed*, the appellant had timely but incorrectly filed the notice of appeal with the clerk of the district court. Sixty days later the clerk discovered the error. Counsel filed a motion with this court to accept the appeal *nunc pro tunc*. We determined that the issue was governed by Rule 26(b). *Id.* Rule 26(b) provides in pertinent part:

> The court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal....

On the authority of *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962), this court held that the decision to grant an extension of time was to be viewed within the limited concept of "unique circumstances." *Reed*, 478 F.2d at 1270.

As we mentioned in *Reed*, the illness of an attorney, a misunderstanding among the appellant's lawyers, and the difficulty of coordinating attorneys from several states have all been found to be insufficient to pass the narrow confines of "unique circumstances." *Id.* at 1271. The *Reed* court's conclusion is appropriate to counsel's dilatory action in this case:

> We strongly believe that professional standards require counsel to be familiar with, or to make at least a reasonable effort to learn, the rules of the courts in which they practice. The rules of this court are published ... and the court has circulated copies of its rules to the clerks of all federal courts. We are unable to conclude that counsel's failure to acquaint himself with the basic requirement for the filing of his client's notice of appeal can properly be described as constituting "unique circumstances" or "all that could reasonably be expected." Indeed, unfamiliarity with local practice does not even constitute "excusable neglect," let alone satisfy the higher standard recognized by the Supreme Court.

*Id.* at 1271–72.

Beacon Bay's main authority is *Feeder Line Towing Serv., Inc. v. Toledo P. & W. R.R. Co.*, 539 F.2d 1107 (7th Cir.1976). It cites *Feeder Line* for the proposition that since TECA is a federal court of appeals, Beacon Bay's counsel reasonably referred to the Federal Rules of Appellate Procedure in calendaring the last due date of the notice of appeal. In *Feeder Line*, the court extended the time period to file a notice of appeal because counsel erroneously relied on a 90–day provision of an admiralty statute rather than the 30–day provision in Rule 4(a). *Id.* at 1108.

Beacon Bay's reliance on *Feeder Line* is unavailing. The major distinction between the cases is that the present case involved an action under the Economic Stabilization Act. Further, the TECA has exclusive jurisdiction of this type of case, and there is a specific provision in the TECA rules regarding the filing of a notice of appeal. Thus, unlike *Feeder Line*, Rule 4(a) is not relevant to this proceeding. *See Reed*, 478 F.2d at 1270; *see also Selph v. Council of City of Los Angeles*, 593 F.2d 881 (9th Cir.1979); *Spinetti v. Atlantic Richfield Co.*, 552 F.2d 927 (Temp. Emer.Ct.App. 1977) (per curiam); *Cooper*, 482 F.2d at 1399.

Another distinction between the cases is that in *Feeder Line*, "counsel's delay was occasioned by the clearly conflicting language of two provisions of the law: one statutory and one a rule of court." *Feeder Line*, 539 F.2d at 1109. In the instant case, there is no conflict between Rule 4(a) and TECA Rule 15(a). TECA Rule 1 expressly adopts the Federal Rules of Appel-

late Procedure in all cases in this court except as to those matters specifically covered by our TECA rules. TECA Rule 15(a) specifically asserts that a 30–day filing period exists in matters within the TECA's jurisdiction. Rule 15(a) controls the procedure of this matter, it provides for an express 30–day filing period, and Beacon Bay simply failed to comply with this mandatory jurisdictional requirement.

Now that we have determined that *Reed* controls and is good law, our remaining inquiry is whether Beacon Bay has shown "unique circumstances" to justify its failure to file a timely notice of appeal as stated in Rule 15(a). Beacon Bay's counsel's main reason for its failure to timely file is a lack of knowledge of the TECA rules. Counsel represented that she mistakenly relied on Rule 4(a) in calendaring the notice of appeal.

■ We first note that counsel has previously practiced before this court. *See Shimek v. Department of Energy*, 685 F.2d 1372 (Temp.Emer.Ct.App.1981). Thus, counsel has had the experience and has in fact engaged in the procedure of appeal to this court. In our view, counsel's affidavits are discredited by this fact, and we find counsel's reliance on Rule 4(a) to be unreasonable and unjustified.

The standard for determining what type of conduct is excusable is a strict one. We find not one thread of fact which gives rise to the standard of "unique circumstances." It is fundamental that an attorney should be held to be knowledgeable of the procedural rules concerning timeliness of an appeal. In a recent Rule 4(a) context, a federal appellate court wrote: "It is hardly unreasonable to impute knowledge of simple, mechanical procedural rules to attorneys who, indeed, have a professional obligation to be aware of them." *Center for Nuclear Responsibility, Inc. v. United States Regulatory Comm'n*, 781 F.2d 935, 942 (D.C.Cir.1986).

Finally, we would make mention of the fact that the district court judge decided to make an alternative finding under the "excusable neglect" standard of Rule 4(a)(5). Although the judge was not required to make this finding, we agree with his conclusion that, even under this lower standard, Beacon Bay's motion should fail. *See Selph*, 593 F.2d at 883. As we held in *Reed*, "unfamiliarity with local practice does not even constitute 'excusable neglect,' let alone satisfy the higher standard recognized by the Supreme Court." *Reed*, 478 F.2d at 1272. Therefore, it is evident that Beacon Bay's counsel has failed to offer a sufficient reason for its failure to timely file under either standard.

### III. CONCLUSION

Specific rules have been established for the finality of judgments to maintain order in the judicial process. Beacon Bay has failed to timely file a notice of appeal to this court, and therefore the appeal is DISMISSED for want of jurisdiction.