**In re PUERTO RICO DRYDOCK & MARINE TERMINALS, INC.**

Civ. No. 91–2253 (JP).

United States District Court,
D. Puerto Rico.

March 24, 1992.

Nelson Robles Díaz, Ramírez & Ramírez, Hato Rey, P.R., for appellee.

Charles A. Cuprill Hernández, Ponce, P.R., for appellant Caribe Hydroblasting Corp.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it a bankruptcy appeal brought by creditor-appellant Caribe Hydroblasting Corp. The Court finds that no oral argument is necessary in this case because "the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument. Bankruptcy Rule 8012(3).

The issue on appeal is whether the Bankruptcy Court erred in disallowing the creditor-appellant's claim in debtor-appellee Puerto Rico Drydock & Marine Terminals' Chapter 11 bankruptcy proceeding. The Bankruptcy Court disallowed the claim on the grounds that it was time-barred. The creditor-appellant contends that its claim was barred in error, because it relied upon "court notice and representations" as to the bar date for the filing of its claim.

The Court notes from the outset that in reviewing the judgment of the Bankruptcy Court: "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankruptcy Rule 8013.

## THE FACTS

On June 30, 1988 debtor-appellee Puerto Rico Drydock & Marine Terminals, Inc. filed for Chapter 11 Bankruptcy. The Bankruptcy Court for the District of Puerto Rico sent all parties written notification of the time allowed for filing of claims (the bar date) pursuant to Bankruptcy Rule 3002, in its written notification for a meeting pursuant to 11 U.S.C.A. § 341 (West Supp.1991). Thus all parties were notified of the November 7, 1988, claims bar date by mail.

Creditor-appellant Caribe Hydroblasting Corp. alleges that on April 28, 1989, it made a direct inquiry with the Bankruptcy Court Clerk's Office and was told by a

**2**

clerk that the bar date had been extended to June 19, 1989. On April 28, 1989, the creditor-appellant filed its proof of claim for the amount of $51,776.75 (Bankr.Ct. Dkt. entry # 96). The debtor-appellee objected to the filing of the proof of claim, seven months after the notified deadline. The Bankruptcy Court held a Hearing and concluded that the proof of claim was not timely filed. The creditor-appellant now appeals from that ruling.

DISCUSSION

▪ In the instant case, the Bankruptcy Court did give notice by mail of the filing deadline. The creditor-appellant contends that oral statements of the Bankruptcy Court Clerk's Office supersede the Bankruptcy Court's formal written notice which was docketed. Bankruptcy Rule 2002(f)(3) requires that the Bankruptcy Court "give notice *by mail* of ... the time allowed for filing claims pursuant to Rule 3002." Oral inquiry and notification are not options condoned by the Bankruptcy Rules. Furthermore, Bankruptcy Rule 3003(c)(3) specifies that extensions of time may only be granted for cause shown. The creditor-appellant never provided the Bankruptcy Court cause for an extension of time. Nor is it alleged that any other creditor requested an extension of time. Thus, the Bankruptcy Rules support the debtor-appellee's position that the official docketed bar date is determinative in this case.

In support of its argument on appeal, the creditor-appellant makes reference to four bankruptcy cases which are not applicable to the facts in this case. *In re Anwiler*, 115 B.R. 661 (Bankr. 9th Cir.1990) is a Chapter 7 liquidation case in which two official written notices were erroneously sent by the Bankruptcy Court and a creditor relied in good faith upon the second written notice. *In re Hershkovitz*, 101 B.R. 816 (Bankr.N.D.Ga.1989), is a Chapter 7 case where the Bankruptcy Court sent the official written notice with an erroneous date upon which a creditor relied. *In re Riso*, 48 B.R. 244 (Bankr.D.C.N.H.1985), is a Chapter 7 case where the Bankruptcy Court granted a motion for a specified deadline and later issued a written Order for Meeting with an erroneous deadline. *In re Schoofs*, 115 B.R. 1 (Bankr.D.C.D.C.

1990), is a Chapter 7 case where the Court issued a written amended notice with an erroneous deadline. The above mentioned cases are not applicable to the appeal before us, because they involve creditors who relied in good faith upon written and docketed official pronouncements which the Court mistakenly issued. In the instant case, the creditor-appellant purportedly relied upon an oral communication with a Bankruptcy Court clerk long after the official deadline had already passed. Furthermore, the Bankruptcy Court employee's error was based upon internal court computerized "case information" which was never a part of the official docketed record. Bankr. Hr'g at 16. *See also* Bankr. H'rg Ex. 1 (internal computer information of the Bankruptcy Court which unlike a formal notification by the Court lacks the Deputy Clerk's signature and a certificate of mailing to all creditors). The distinction between an official docket entry and informal ex-parte communication with a Bankruptcy Court employee, is an important one by virtue of Title 11 U.S.C.A. § 107 (West 1979). Section 107 of the Bankruptcy Code explicates that "[e]xcept as provided in subsection (b) of this section, a paper *filed* in a case under this title and the *dockets* of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge" (emphasis added). Therefore, oral communications with court employees are not considered part of the public record of a case, upon which a party may rely.

▪ The creditor-appellant's reliance upon the "unique circumstances" doctrine is also misplaced. The unique circumstances doctrine is a judge-made doctrine which permits late appeals. *United States v. Heller*, 957 F.2d 26, 28 (1st Cir.1992). "Reliance on the advice, statements, or actions of court employees cannot trigger the doctrine, whether appellant is or is not pro se." *Id.* at 31. The *Heller* court refused to extend the doctrine to actions based upon court employee communications because counsel is required to be familiar with the rules of the Court and accordingly cannot blame its procedural negligence upon court employees. Furthermore, the doctrine does not apply to situations where

a party relies upon erroneous information *after* the original deadline has already passed, as occurred in this case. *Heller* at 30 (quoting *Willis v. Newsome,* 747 F.2d 605, 606 (11th Cir.1984)).

Wherefore, in view of the foregoing the Bankruptcy Court's denial of the creditor's claim is hereby AFFIRMED. Judgment shall be entered accordingly.

IT IS SO ORDERED.