# United States Court of Appeals
## For the First Circuit

No. 02-1889

GLORIA GARCÍA-VELÁZQUEZ;
JUAN CARLOS SIFRE-RIVERA; C/P SIFRE-GARCÍA,

Plaintiffs, Appellants,

v.

FRITO LAY SNACKS CARIBBEAN, a Division of
Pepsico Puerto Rico, Inc., JOSE LUIS PRADO, JANE DOE;
CONJUGAL PARTNERSHIP PRADO-DOE; ENRIQUE NIÑO, JOHANNE DOE;
CONJUGAL PARTNERSHIP NIÑO-DOE, A TO Z INSURANCE, INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Harry Anduze Montaño with whom Noelma Colon-Cordoves was on
brief, for appellants.
Jose Luis González Castañer with whom Roberto Ariel Fernández,
González Castañer & Morales Cordero, Angel Muñoz Noya and Lespier,
Muñoz Noya & Rivera were on brief, for appellees.

February 2, 2004

**HOWARD**, **Circuit Judge**.  Plaintiffs-appellants Gloria García and Juan Sifre appeal from a judgment dismissing their employment discrimination lawsuit.  Questioning our jurisdiction, we asked the parties to brief the timeliness of this appeal.  After reviewing the parties' submissions, we conclude that we lack jurisdiction because the notice of appeal was untimely.

**I.**

On March 6, 1997, appellants brought this lawsuit alleging that García was constructively terminated from her employment.  The complaint alleged that García's employer, Frito Lay Snacks Caribbean, and her supervisors, Jose Luis Prado and Enrique Niño, discriminated against her in violation of the Age Discrimination in Employment Act, see 29 U.S.C. § 621 et seq.; the Equal Pay Act, see 29 U.S.C. § 206(d)(1); and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, et seq.[1]  On September 4, 1997, the district court entered a partial judgment dismissing the suit against the supervisors because the federal anti-discrimination statutes do not provide for individual liability.  On March 24, 2000, after the conclusion of discovery, the court entered a second partial judgment dismissing all of the federal claims against Frito Lay except for appellants' ADA claim.

---

[1]  The complaint also alleged several claims under Puerto Rico statutory and constitutional law.

-2-

On July 12, 2001, Frito Lay filed a memorandum of law alerting the court that, in its view, two recent appellate decisions compelled the dismissal of appellants' ADA claim. On August 22, 2001, the court instructed Frito Lay and appellants to brief the effect of these new decisions on the pending ADA claim. The court treated this briefing as another motion for summary judgment. See García v. Frito Lay Caribbean, Inc., 181 F. Supp. 2d 38, 40 n.1 (D.P.R. 2001). On December 28, 2001, the court granted Frito Lay's motion and entered a final judgment dismissing the ADA claim and declining to exercise supplemental jurisdiction over the Puerto Rico law claims. Id. at 48. On January 16, 2002, appellants filed a motion to alter or amend the judgment, see Fed. R. Civ. P. 59(e), which the court denied on June 26, 2002. The next day, June 27, 2002, appellants filed a notice of appeal, which we shall assume was sufficiently specific to challenge the December 28, 2001 judgment and the June 26, 2002 order denying the Rule 59(e) motion. See In re Spookyworld, 346 F.3d 1, 6 (1st Cir. 2003).

## II.

In every case, we are required to satisfy ourselves of jurisdiction. See Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 580 (1st Cir. 1994). As we shall explain, the jurisdictional question here is whether appellants' June 27, 2002 notice of appeal was timely as to the December 28, 2001 judgment.

-3-

A private party in a civil case generally must file his or her notice of appeal within thirty days after entry of the order or judgment from which he or she appeals. <u>See</u> Fed. R. App. P. 4(a). Compliance with this rule is "mandatory and jurisdictional." <u>Browder</u> v. <u>Ill. Dep't of Corr.</u>, 434 U.S. 257, 264 (1978) (internal quotations and citations omitted). However, Fed. R. App. P. 4(a)(4)(A) tolls the running of this thirty-day period until after the disposition of certain "<u>timely filed</u>" post-judgment motions, including a motion under Fed. R. Civ. P. 59(e). <u>Id.</u> (emphasis supplied). An untimely motion for reconsideration under Rule 59(e) will not toll the running of the notice of appeal period. <u>See</u> <u>Feinstein</u> v. <u>Moses</u>, 951 F.2d 16, 18 (1st Cir. 1991). Because appellants filed their notice of appeal approximately six months after the December 28, 2001 judgment, appellate jurisdiction exists only if the notice of appeal period was tolled by the Rule 59(e) motion.

Rule 59(e) provides an aggrieved party with ten days after the entry of judgment to file a motion to alter or amend the judgment. This ten-day period does not include intermediate weekends and "legal holidays." <u>See</u> Fed. R. Civ. P. 6(a).[2] As

---

[2] Under Rule 6(a), a "legal holiday" is defined as:

> New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the

noted above, the district court entered judgment on December 28, 2001.  Excluding the weekends and holidays mentioned in Rule 6(a) that occurred during this period results in the motion being due on January 15, 2002, the day before appellants filed their Rule 59(e) motion.  The motion was therefore untimely.

Appellants do not dispute this line of analysis but contend that New Year's Eve also should be counted as a "legal holiday" under Rule 6(a) because the clerk's office was closed for business by order of the Chief Judge.  We disagree.  New Year's Eve is not listed in Rule 6(a), see supra at 4 n.2, and there is no record evidence that it was appointed a holiday by the President or Congress, or by the Governor or Legislature of Puerto Rico.  See 5 U.S.C. § 6103; 1 L.P.R.A. § 71.

Appellants urge us to read Rule 6(a) to encompass days in which the clerk's office is closed for business by order of the Chief Judge.  But the plain language of the Rule precludes such a reading.  The Rule, on its face, refers to a "legal holiday" as a day appointed by the President, Congress, or the relevant state. It does not grant this power to the federal judiciary.

Our view of the matter is supported by the case law.  The Tenth Circuit has interpreted the identical "legal holiday" definition in Fed. R. App. P. 26 not to encompass the day after

President or the Congress of the United States or by the state in which the district court is held.

-5-

Thanksgiving because, even though the Kansas state courts were closed pursuant to an order issued by the Chief Justice of Kansas, it was not a "legal holiday" in Kansas. See In re Cascade Oil Co., 848 F.2d 1062, 1064 (10th Cir. 1988) (per curiam); see also Kirby v. Gen. Elec. Co., 2000 WL 33917974, at *2 (W.D.N.C. Feb. 9, 2000), aff'd, 2001 WL 1187957 (4th Cir. Oct. 9, 2001) (holding that Christmas Eve and New Year's Eve were not "legal holidays" under Rule 6(a) even though the district court was closed pursuant to administrative order on both days); cf. Reyes-Cardona v. J.C. Penny Co., 690 F.2d 1 (1st Cir. 1982) (holding that day honoring Eugenio María de Hostos is "legal holiday" under Rule 6(a) because it is declared a holiday under the statutes of Puerto Rico) (per curiam). Our conclusion is also supported by the fact that jurisdictions wishing to count the days on which the clerk's office is closed as legal holidays have enacted local rules to this effect. For example, instead of relying on the "legal holiday" definition contained in the Federal Rules, the Federal Circuit has adopted a local rule stating that "[l]egal holiday also means a day on which the clerk's office is closed by order of the court or the chief judge." See Fed. Cir. L.R. 26(a) (emphasis supplied).

Appellants make two additional arguments in an attempt to save their appeal. First, they claim that their Rule 59(e) motion should be treated as timely because they spoke with an unnamed individual in the clerk's office who told them that New Year's Eve

was a holiday.  Second, they contend that we should ignore the late notice of appeal because the district court addressed the Rule 59(e) motion on its merits.  We are not persuaded by either argument.

In making their first argument, appellants invoke the doctrine of "unique circumstances."  This judge-made doctrine permits the court to entertain a late-filed appeal in certain cases.  See Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 225 (1st Cir. 1994).  The doctrine was first recognized by the Supreme Court in Thompson v. INS, 375 U.S. 384 (1964) (per curiam), but its continuing vitality has been questioned,  see Davignon v. Clemmey, 322 F.3d 1, 10 (1st Cir. 2003) (citing cases).  In any event, this Circuit continues to apply the doctrine, but only in rare situations.  See Scola v. Beaulieu, 131 F.3d 1073, 1074-75 (1st Cir. 1997); Air Line Pilots, 26 F.3d at 225; United States v. Heller, 957 F.2d 26, 28-29 (1st Cir. 1992).

To the extent it remains viable, the doctrine "applies only where a party has performed an act which, if properly done, would postpone the deadline for filing [the] appeal and has received specific assurance by a judicial officer that this act has been properly done."  Osterneck v. Ernst & Whitney, 489 U.S. 169,

179 (1989).[3]  Under this standard, appellants' contention that we could entertain their appeal because "the person who answered the phone [in the clerk's office] advised that December 31, 2001 would be a holiday" fails for two reasons.

First, appellants were never told that, because December 31, 2001, was a holiday, the time for filing their Rule 59(e) motion would be extended.  They were told only that the clerk's office was closed for New Year's Eve.  Thus, appellants never received the required "specific assurance" that their motion would be timely if filed on January 16, 2002.  See Osterneck, 489 U.S. at 178-79 (rejecting unique circumstances claim where court never affirmatively represented to plaintiffs that their appeal was timely filed); Heller, 957 F.2d at 29 (stating that courts apply unique circumstances doctrine "only where a court has affirmatively assured a party that [its motion] will be timely").  Second, appellants did not receive any "assurance" from a judicial officer. See Heller, 957 F.2d at 29 (the unique circumstances doctrine requires that the assurance be made by "a judge, not an employee in the office of the clerk").  Thus, the unique circumstances doctrine simply does not apply.  Id. at 31.

In presenting their second argument, appellants ask

_____

[3] The court's actions or statements also must have occurred at a point when, had the party not been led astray, it would have been able to file a timely notice of appeal.  See Airline Pilots, 26 F.3d at 225; Feinstein, 951 F.2d at 20.

that we follow City of Hartford v. Chase, 942 F.2d 130, 134 (2d Cir. 1991) ("[B]ecause the district court entertained the [Rule 59(e)] motion and ruled on its merits, the time for appeal may begin to run anew from the date on which the court disposed of the untimely application.") (internal quotations marks omitted). We decline to follow Chase for several reasons.

First is the Supreme Court's decision in Browder. There, the Court held that a late-filed motion under Rule 59(e) did not toll the running of the notice of appeal period even though the district court adjudicated the motion on its merits. See Browder, 434 U.S. at 262. Second, Chase is inconsistent with our precedent. We have held that "an untimely motion for reconsideration . . . [is] a nullity and [will] not toll the time in which to appeal even though the court considered and denied the motion on its merits." Feinstein, 951 F.2d at 18 (quoting Flint v. Howard, 464 F.2d 1084, 1086 (1st Cir. 1972)). Third, Chase has been criticized by a leading treatise as representing "an unusually casual view" of the rule that notices of appeal must be timely filed. Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3950.4 at 177 n.11 (1999). Finally, the Second Circuit has disavowed the broad language in Chase and has declined to extend it beyond its particular facts. See Camacho v. City of Yonkers, 236 F.3d 112, 116-17 (2d Cir. 2000).

**III.**

While we lack jurisdiction over the appeal from the December 28, 2001, judgment, we have jurisdiction over the appeal from the June 26, 2002 order denying appellants' Rule 59(e) motion. See Feinstein, 951 F.2d at 21. But, as we have just explained, that motion was untimely. Because the district court lacked the power to grant this motion, see Vargas v. Gonzalez, 975 F.2d 916, 917 (1st Cir. 1992), appellants' challenge to the denial of the motion is doomed. See, e.g., Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 390 (1st Cir. 1994); Feinstein, 951 F.2d at 21; Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 3 (1st Cir. 1989).[4]

**IV.**

For the reasons set forth above, we **dismiss** appellants' appeal from the district court's December 28, 2001, judgment and **affirm** the district court's June 26, 2002, order denying appellants' Fed. R. Civ. P. 59(e) motion.

**So ordered**.

---

[4] We are, of course, free to affirm the district court's order on any reason supported by the record. Feinstein, 951 F.2d at 21 n.6 (citing Rodriguez-Antuna, 871 F.2d at 3).